UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: BERYL WILSON HOFFMAN
_____/

WILLIAM E. KASBEN and
EDWIN J. KASBEN,

        Appellants,                      Bkrptcy No. 97-59385-SWR
                                             HON. STEVEN RHODES
vs.                                                  Case No. 04-CV-75075
                                             HON. GEORGE CARAM STEEH

FRED DERY, Trustee,

        Appellees.
_____/

## ORDER AFFIRMING NOVEMBER 19, 2004 ORDER OF
## FINAL DISBURSEMENT BY TRUSTEE

Appellants William Kasben and Edwin Kasben appeal from a November 19, 2004 "Order Regarding Final Disbursement by Trustee," entered by Bankruptcy Judge Steven Rhodes. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the appeal be resolved without oral argument. For the reasons set forth below, the November 19, 2004 Order will be AFFIRMED.

**I. Background**

The circumstances underlying this appeal have been set forth in prior state court and federal court opinions. See In re Hoffman, 03-CV-71279 (E.D. Mich. Aug. 25, 2003) (J. Steeh); In re Hoffman, 00-CV-73569, 73570 (E.D. Mich. Jan. 10, 2001) (C.J. Zatkoff); Kasben v. Hoffman, Nos. 247297, 253201, 254295, 2005 WL 678158 (Mich. Ct. App. Mar. 24, 2005); Kasben v. Hoffman, No. 224551, 2001 WL 1545920 (Mich. Ct. App. Nov. 30, 2001). Divorce proceedings between appellant William Kasben and debtor Beryl Hoffman have been ongoing for over nine years. Kasben, 2005 WL 678158 at *1. Two properties,

known as the Marital Farm and the Boone Farm, were sold by appellee Bankruptcy Estate Trustee Fred Dery in furtherance of a distribution of the marital property. On March 19, 2003, the Bankruptcy Court entered an order authorizing the Trustee to make specific disbursements. Appellants appealed the March 19, 2003 Bankruptcy Court Order, arguing appellant Edwin Kaspen was entitled to a $42,000.00 disbursement, and William Kasben was entitled to a $268,929.74 disbursement. This court affirmed the Bankruptcy Court's March 19, 2003 Order, noting that appellants conceded that Estate and Hoffman were entitled to at least $288,000.00 of the proceeds, and that total disbursements made by the Trustee as of March 19, 2003 equaled less than $223,000.00. This court summarized:

> The essential issue posed by appellants is whether the Trustee is using appellants' proceeds to pay the debts of the Estate or Hoffman. The issue requires further development by the Bankruptcy Court, consistent with the Final Report since filed by the Trustee. When and in what amounts appellants are entitled to their share of the proceeds held by the Trustee must be determined by the Bankruptcy Court after considering inter alia the total amount held by the Trustee, previous disbursements made by the Trustee, amounts owing to the Leelanau Circuit Court, amounts owing to the appellants under the state court divorce judgments, and priority of payment. After making these determinations, the Bankruptcy Court may be required to entertain the issue of whether the appellants are entitled to an order of disgorgement. On this record, however, the court cannot find that the Bankruptcy Court clearly erred in authorizing the Trustee on March 19, 2003 to make an interim disbursement of $116,793.11 to pay arguably Estate debts, where appellants expressly recognize that Estate has a legitimate claim to $288,000.00 held by the Trustee, *plus interest*, and only $106,306.34 has previously been disbursed by the Trustee. . . . .

In re Hoffman, 03-CV-71279, August 25, 2003 Order, at 6-7. The matter was remanded to the Bankruptcy Court for a final order of disbursement. Id. at 7.

## II. Bankruptcy Court's November 19, 2004 Order of Final Disbursement by Trustee

Using as a starting point this court's August 25, 2003 clarification that William Kasben was required by a July 15, 2002 Amended Judgment of Divorce and November 21,

2

2002 Order Amending Judgment of Divorce to pay debtor Hoffman $291,000.00, as opposed to $288,000.00 as claimed by the appellants, see In re Hoffman, 03-CV-71279, August 25, 2003 Order, at 4 n.1, the Bankruptcy Court next determined that the Bankrutpcy Estate vis-a-vis debtor Hoffman was entitled to the *net* proceeds from the sales of the Marital Farm and Boone Farm, consistent with the state divorce court's intent of awarding debtor Hoffman $291,000.00 without set-off, and William Kaspen's consent to these sales. The Bankruptcy Court calculated with respect to the Marital Farm:

**Marital Farm**

| | |
|---|---|
| Proceeds Received: | $510,000.00 |
| Less Land Contract Payoff To Edwin Kasben | ($ 180,000.00) |
| Less Auctioneer Fees | ($ 28,050.00) |
| Less Auctioneer Expenses | ($ 3,041.26) |
| Less Insurance Expenses | ($ 1,663.72) |
| Less Timber Care administrative claim | ($ 2,835.00) |
| Less Rossi Law Offices lien | ($ 22,974.90) |
| Marital Farm Net Sale Proceeds: | $ 271,435.12 |

November 19, 2004 Bankruptcy Court Order, at 2-4.  Turning to the sale of the Boone Farm, the Bankruptcy Court calculated:

**Boone Farm (4 Parcels Total)**

| | |
|---|---|
| Proceeds Received: | $ 242,014.43 |
| Less Auctioneer Fees | ($ 40,165.50) |
| Less Advertising | ($ 260.00) |
| Less Title Work | ($ 300.00) |
| Trustee's Attorney Fees | ($ 42,857.10) |
| Boone Farm Net Sales Proceeds: | $ 158,431.83 |

November 19, 2004 Bankruptcy Court Order, at 4.  Total net sales from the Marital Farm

and Boone Farm properties summed to $429,867.95[1].

Using the calculated $429,867.95 of net proceeds received by the Trustee from the sale of the two properties, the Bankruptcy Court continued in its reasoning that debtor Hoffman was entitled to the first $291,000.00 of the net proceeds, pursuant to her state court award, leaving an initial excess of $138,867.95 ($429,867.95 net proceeds - $291,000.00 award to Hoffman). The Bankruptcy court noted that the Trustee had previously distributed $125,989.98 to the Leelanau County Circuit Court as payment toward the Estate's obligation to William Kasben, leaving a balance owing to William Kasben of $12,877.97 ($138,867.95 excess of net proceeds - $125,989.98 paid to state court). At this point, the Bankruptcy Court stated that there are no funds remaining in the Estate's account to pay this $12,877.97 obligation to William Kasben, that a $10,000.00 deposit made to the Estate by Kasben, and subsequently forfeited by Kasben, could not be accounted for, and that the Trustee is responsible for resolving the $12,877.97 remaining obligation to William Kasben. The Bankruptcy Court denied reconsideration on December 14, 2004.

### III. Appellants' Arguments

Appellants assert they are entitled to all sale proceeds received by the Trustee in excess of the $291,000.00 awarded to Hoffman in the state court divorce proceedings, arguing under Michigan law that the Trustee has no greater claim to the sale proceeds than does debtor Hoffman. Appellants assert that the state court's latest judgment awarded William Kasben the Marital Farm and Boone Farm, subject only to Hoffman's $291,000.00 award. With respect to the Marital Farm, and crediting the Trustee for the $180,000.00

---

[1] This court calculates the final total as actually being $429,866.95. Neither party appeals this apparent $1.00 discrepancy.

4

land contract payoff to Edwin Kasben, appellants argue $330,000.00[2] remained to be distributed toward debtor Hoffman's $291,000.00 divorce judgment award, leaving a remaining $42,000.00 (actually $39,000.00, see fn.2) for distribution to appellant Edwin Kasben consistent with his continuing argument that an alleged land contract was not enforceable.

Appellants argue that Hoffman was awarded no interest in the Boone Farm, and therefore William Kaspen is entitled to all proceeds received on the sale, argued by appellants to be $350,725.00, less $85,000.00 paid to Central State Bank on a mortgage, less $5,733.96 paid toward county real estate taxes, plus $8,938.70 of interest earned through July 31, 2003, yielding appellants' calculated $268,929.74 in proceeds owing from the Boone Farm sale to William Kasben.

Appellants specifically argue that the Bankruptcy Court clearly erred by allowing the Trustee to use sale proceeds to pay expenses related to the Farm sales before making disbursements to the appellants. Appellants rely on the divorce court proceedings as evidence that the state court recognized it could not charge William Kasben with the expenses of the sale in the divorce proceeding. Appellants argue it is "ludicrous" to charge Hoffman's attorney fees, incurred in the divorce, against William Kasben's property, and that the Bankruptcy Court thus erred as a matter of law in allowing a $22,974.90 offset to the Rossi Law Offices as a secured claim, as opposed to a general unsecured claim, particularly in the absence of evidence that the claim for attorney fees was perfected. Appellants assert that, by consenting to the sales, they did not waive their arguments for set-offs in the divorce proceedings. Appellants further assert that the Trustee took the risk

---

[2] Appellants erroneous calculate this remainder as being $333,000.00, apparently relying on an award to Hoffman of $288,000. As previously explained by this court, the award is $291,000.00. See In re Hoffman, 03-CV-71279, August 25, 2003 Order, at 4 n.1

of selling the properties pending an initial state court appeal of the divorce judgment, which resulted in a determination that the two Farms belong to William Kasben, subject only to the $291,000.00 cash award to Hoffman.  Appellants continue that the Bankruptcy Court erroneously failed to order the Trustee to disburse to the appellants $9,144.25 of interest earned on a $350,000.00 bond posted by the appellants in a prior appeal.  Alternatively, appellants contend that, at minimum, even if the Farm sales expenses are affirmed on appeal, the correct amount owing to the appellants is the $12,877.97 obligation as calculated by the Bankruptcy Court, plus the unaccounted for $10,000.00, plus the $9,144.25 of interest on the appeal bond, for a total of $32,022.22.  Appellants argue the Bankruptcy Court ultimately erred by issuing an order of final disbursement at a time when an appeal of the divorce action remained pending.

## IV. Standard of Review

A bankruptcy court's legal conclusions are reviewed de novo. Investors Credit Corp. v. Batie, 995 F.2d 85, 88 (6th Cir. 1993).  A district court is bound by the bankruptcy court's findings of fact unless they are clearly erroneous, with due regard given to the opportunity of the bankruptcy court to judge the credibility of the witnesses.  Bankr. Rule 8013.  A bankruptcy judge's finding of fact is clearly erroneous where, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made.  In re Rembert, 141 F.3d 277, 280 (6th Cir. 1998).  A district court may affirm, modify or reverse a bankruptcy judge's order, or remand with instructions for further proceedings.  See Bankruptcy Rule 8013.

## V. Analysis

Appellants' arguments of legal and factual error are without merit.  Bankruptcy Judge Rhodes did not clearly err by interpreting the state court record, including the July 15, 2002

Amended Judgment of Divorce and November 21, 2002 Order Amending Judgment of Divorce, as intending that debtor Hoffman was entitled to receive a net cash award of $291,000.00 after expenses. While Hoffman was ultimately awarded an ownership interest in the Marital Farm or Boone Farm, the Trustee was nonetheless authorized to sell the Farms to generate the $291,000.00 in cash owed to Hoffman by William Kasben pursuant to William Kaspen's consent to entry of July 16, 2000 and June 19, 2001 Bankruptcy Court Orders granting the Trustee's motion to sell the properties.

Appellants arguments that they did not waive their rights to assert set-offs in state court is simply irrelevant in the absence of evidence that appellants prevailed in state court on a set-off argument. Indeed, this court's review of the Michigan Court of Appeals recent opinion in Kasben v. Hoffman, Nos. 247297, 253201, 254295, 2005 WL 678158 (Mich. Ct. App. Mar. 24, 2005) undercuts appellants' arguments that Hoffman was to receive $291,000.00 less any expenses associated with the sale of the Farms. See i.e. Kasben, 2005 WL 678158 at *6 (affirming trial court's order to restore Hoffman to her previous financial condition, including an order that William Kasben pay Hoffman "half the value" of the Marital Farm), at *11 (affirming trial court order that William Kasben pay Hoffman's attorney fees). Appellant Edwin Kaspen's instant argument to this court that he is entitled to an additional $42,000.00 disbursement because his land contract with William Kaspen and Hoffman was invalid was expressly rejected by the Michigan Court of Appeals under the law of the case doctrine. Id. at *5. Judge Rhodes' finding that the state court judgments were not intended to require Hoffman to finance the sale of the Farms out of her $291,000.00 award is consistent with Michigan law as expressly interpreted by the several

Michigan district and appellate courts that have been involved in the underlying divorce.[3] The Michigan Court of Appeals affirmance of an award of *additional* attorney fees to Hoffman likewise undercuts appellants' argument that a disbursement to the Rossi Law Offices is "ludicrous." Id. at *10-*11.

Appellants fail to proffer legal authority for the proposition that an attorney lien is considered an unsecured debt. See Miller v. DAIIE, 139 Mich. App. 565, 568-69, 362 N.W.2d 837 (1985) (stating "Michigan recognizes a common law attorney's lien on a judgment or fund resulting from the attorney's services.")  The Rossi Law Firm's lien became secured, and "perfected," on entry of the July 15, 2002 Amended Judgment of Divorce and November 21, 2002 Order Amending Judgment of Divorce. Id.

Appellants' argument that the Trustee was required to return $9,144.25 in interest earned on a $350,000.00 cash bond appellants posted on September 5, 2000 is, at best, conclusionary, failing to explain why appellants would be entitled to a return of all interest when the Bankruptcy Court denied appellants' motion to return the entire $350,000.00 bond. See Appellants' February 23, 2005 Brief, at 4-5. Appellants' argument that they are entitled to recoup $10,000.00 found by Judge Rhodes to have been forfeited by William Kaspen when failing to close his bid-purchase of two Boone Farm parcels is likewise conclusionary. See November 19, 2004 Order Regarding Final Disbursement by Trustee,

---

[3] Rejecting Edwin Kasben's argument for disbursement of an additional $42,000.00, and applying appellants argument that Hoffman was required to fund the sales of the Farms out of her $291,000.00 award, Hoffman's award after paying Auctioneer Fees ($28,050.00 + $40,165.50), Auctioneer Expenses ($3,041.26), Insurance Expenses ($1,663.72), Advertising ($260.00), Title Work ($300.00), and the Trustee's Attorney Fees ($42,857.10) would amount to $174,662.42 ($291,000.00 - $116,337.58). Requiring Hoffman to pay the Rossi Law Offices Lien of $22,974.90 would further reduce Hoffman's $291,000.00 award to $151,687.52 ($174,662.42 - $22,974.90). This court is convinced by a review of the state court opinions that the state court did not intend to reduce Hoffman's $291,000.00 award by 48 percent, to $139,312.48.

at 5 n.17.  Appellants' argument that they are entitled to the $12,877.97 obligation as calculated by Judge Rhodes, which includes the forfeited $10,000.00 deposit, plus an additional $10,000.00 disbursement representing the same forfeited deposit, impermissibly seeks a double recoupment.  Appellants have failed to explain how Judge Rhodes erred in entering an order of final disbursement while William and Edwin Kaspen continue to pursue state court appeals.

## VI. Conclusion

Upon de novo review, this court concludes that Bankruptcy Judge Rhodes November 19, 2004 Order Regarding Final Disbursement by Trustee is consistent with both Michigan law and federal bankruptcy law.  This court is not left with a definite and firm conviction that a mistake has been made.  According,

The Bankruptcy Court's November 19, 2004 Order is hereby AFFIRMED.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated:  May 11, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 11, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk